FORET, Judge.
Martin Laday (Laday) and Martin Guillo-ry (Guillory) filed suit against Edell Davis for damages resulting from an alleged breach of contract to move a house located in the City of Lafayette. Mrs. Davis filed a reconventional demand against Laday and Guillory, alleging that they had breached the subject contract and that she had incurred damages as a result thereof. At the conclusion of the evidence, the trial court dismissed the main demand and rendered judgment in favor of Mrs. Davis on the reconventional demand in the total sum of $7,457.89. Both Laday and Guillory have appealed this judgment.
Edell Davis sold to the City of Lafayette a house and lot located on Rubria Street, in the City of Lafayette. Thereafter, she purchased the house from the City for the sum of $5,000 with the understanding that the house would be moved at her expense. On May 7, 1984, Mrs. Davis entered into a written agreement with Laday and Guillo-ry, pursuant to which Laday and Guillory agreed to move her house to the corner of *225 Patterson and Mann Street in the City of Lafayette for the sum of $28,000. The agreement states that Laday and Guillory shall, in addition to moving the house, pour the concrete slab at the new location, re-brick the house, and perform all plumbing, electrical and other work necessary to restore the house to the condition it was in prior to the move. It further states that the job is to be completed within forty-five working days of the date of the contract. In accordance with their agreement, Laday and Guillory removed the bricks from the house (which had to be done in order to move the house), jacked the house up and separated the garage from the living area. Additionally, the slab was poured at the new location with the necessary plumbing being installed therein. In consideration for this work, Mrs. Davis paid to Laday and Guillory the sum of $7,000. No additional work was performed by Laday and Guillory despite the repeated demands of Mrs. Davis as well as her attorney. Finally, in October of 1984, she retained the services of another house mover, together with plumbers, carpenters, and electricians, required in order to complete the move. Mrs. Davis claims that she incurred total expenses of $43,794.69 in moving the house, including the $7,000 paid to Laday and Guillory as previously noted. The trial court found that the actual expenses incurred by Mrs. Davis came to $35,457.89 and he therefore rendered judgment against Laday and Guillory for the sum of $7,457.89, which is the difference between the expenses incurred and the contract price agreed upon by Laday and Guillory.
In their appeal, Laday and Guillo-ry contend that Mrs. Davis did not prove payment of the expenses listed below or, in the alternative, they maintain that these expenses are excessive and unreasonable. These expenses are as follows:
Clarence Skipper (bricklayer) $2,837.78
Larry Bellard (plumbing work). 536.00
Byars Brothers Brick, Inc. (materials). 2,318.08
Darrel Touchet (electrical work). 2,400.00
Emery Arceneaux (carpentry work). 3,000.00
Bobby Badon Builders (carpentry work). $7,000.00
Mac’s Plumbing & Heating (plumbing work). 2,440.00
We agree with the trial court that the payment of the expenses set forth above has been proven by documentary evidence and testimony. Furthermore, considering the testimony of Mrs. Davis, as well as the testimony of Emery Arceneaux, Ernest McZeal, and Darrel Touchet (three of the workers retained by Mrs. Davis to complete the housemoving project), we find that the expenses set forth hereinabove are not excessive and accordingly, the trial court did not commit manifest error in awarding such amounts to Mrs. Davis.
Guillory and Laday also contend that Mrs. Davis did not prove that the payment to Barry Readimix of the sum of $513.61 was for concrete used on her carport, which is part of the work Guillory and Laday were obligated to perform. They contend that at least a portion of this concrete was used for the installation of a driveway which falls beyond the scope of the work to be performed by Guillory and Laday in connection with the subject contract. We find no merit to this contention. At trial, Mrs. Davis testified that this expense was for concrete used on the carport, and Guillory and Laday failed to refute this testimony in any way. Therefore, we must find that the trial court did not commit manifest error in awarding this expense to Mrs. Davis. Finally, Guillory and Laday contend that the trial court should not have awarded relocation expenses to Mrs. Davis totalling the sum of $1,679.77 because these expenses would have been incurred regardless of whether Guillory and Laday fulfilled their obligations under the subject contract. We disagree. Had Guillory and Laday moved the house within the agreed upon period, these relocation expenses would have been paid by the City of Lafayette and consequently Mrs. Davis would not have incurred these expenses. However, our review of the evidence conclusively shows that Mrs. Davis only incurred relocation expenses totalling the sum of $1,279.77. At trial, Mrs. Davis introduced into evidence two checks for $400 each, documenting the rental expense incurred *226 on a temporary residence, and she further introduced into evidence four separate checks totalling the sum of $479 for storing and moving expenses. Neither Mrs. Davis nor any of her witnesses testified as to the existence of any other relocation expenses nor is there any documentary evidence establishing such additional expense. Accordingly, we find that the trial court committed manifest error in awarding to Mrs. Davis relocation expenses totalling the sum of $1,679.77, and we therefore reduce this award to the sum of $1,279.77.
La.C.C. art. 2769 states as follows:
“Art. 2769. If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
It is well established that the contractor who fails to do the work he has contracted to do is liable to the owner for the cost of repairing any defects, as well as the cost of completing the work. Guitreau v. Juneau, 479 So2d 431 (La.App. 1 Cir.1985). The trial court found that Mrs. Davis had incurred expenses, over and above the agreed upon contract price, totalling the sum of $7,457.89. Considering the reduction for relocation expenses noted above, we must reduce this judgment by the sum of $400, and we therefore find that Mrs. Davis has demonstrated an entitlement to damages totalling the sum of $7,057.89.
In view of the above and foregoing, the judgment of the trial court for relocation expenses totalling the sum of $1,679.77 is hereby reduced to the sum of $1,279.77 and hence, the total amount of the judgment is reduced to the sum of $7,057.89. In all other respects, the judgment of the trial court is affirmed.
All costs of these proceedings are assessed to plaintiffs, Martin Laday and Martin Guillory.
AMENDED AND AFFIRMED.